IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EARL RAMOND BEN, #02381786, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3412 |
| | § | |
| DEPUTY BARNARD FRAZIER, JR., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Earl Ramond Ben, a former inmate of the Harris County Jail, filed a complaint alleging that Deputy Barnard Frazier, Jr. used excessive force against him and that Harris County officials subsequently denied him basic medical care for his injuries. Frazier and Harris County have filed Motions for Summary Judgment (Docket Entry Nos. 25 and 34) seeking dismissal of the complaint. Ben has not responded to either motion. After reviewing the pleadings and evidence, the court has determined that the motions should be granted and that this action should be dismissed.

### I. Claims and Allegations

Ben claims that he was a pretrial detainee when Deputy Frazier assaulted him without provocation on October 1, 2008. See Docket Entry Nos. 1, 6, and 9. He alleges that he was fighting with another inmate when Frazier intervened. Ben asserts that he attempted to show that he posed no threat when he was separated but

that Frazier punched him in the left side of the face and kicked him in the back. He claims that Frazier was acting in accordance with existing jail policy when he assaulted him.

Ben claims that he suffered painful injuries to his lower back. Ben was not hospitalized, but he was treated and prescribed Tylenol 3, a narcotic medication that he claims was necessary to help him cope with the pain. When his prescription expired he alleges that the Harris County Jail medical department refused to refill it despite his repeated requests and grievances. Ben claims that the defendants subjected him to wanton and unnecessary pain, and he seeks $250,000.00 in compensatory and punitive damages from each defendant.

## II. Defendants' Arguments and Evidence

In his Motion for Summary Judgment (Docket Entry No. 25), Frazier contends that he did not use excessive force against Ben. He asserts that his actions were objectively reasonable in view of the situation and the information available to him and that he used minimal force to break up a fight between Ben and another inmate. He further asserts that the medical records do not support Ben's allegation that his back was injured as a result of his encounter with Frazier. Frazier presents the following evidence in support of his motion:

    Affidavit of Michael M. Seal, M.D. - Docket Entry No. 25-1

    Affidavit of Deputy Bernard Frazier - Docket Entry No. 25-2

Harris County has filed a Motion for Summary Judgment (Docket Entry No. 34) addressing Ben's claim that he was denied medical care in response to his complaints of back pain. Harris County asserts that it has a policy to provide inmates with access to care to meet their serious medical needs, as well as their mental and dental health needs. It contends that there is no showing that any Harris County official ignored Ben's complaints, refused to treat him, treated him incorrectly, or engaged in any conduct that indicated a wanton disregard for his serious medical needs.

Harris County asserts that Ben was seen after the altercation on October 1, 2008, but that he refused medical treatment. Moreover, he did not exhibit any signs that he was seriously injured. Harris County claims that Ben was examined, evaluated, treated, and prescribed medications by doctors and nurses on numerous occasions after the incident with the other inmate and that he was not denied attention for his serious medical needs. Harris County submits the following in support of this argument:

> Affidavit of Michael M. Seal, M.D. - Docket Entry No. 34-1[1]

> Affidavit of Bobby D. Davis, Executive Director of Harris County Jail Health Services - Docket Entry No. 34-2

---

[1] The affidavit submitted by Harris County (Docket Entry No. 34-1) is the same as that submitted by Frazier (Docket Entry No. 25-1). For that reason the court will only refer to the first affidavit copy (Docket Entry No. 25-1) in this Memorandum Opinion and Order.

Affidavit of Dalora Miller, Harris County Jail Records Custodian - Docket Entry No. 34-3

Earl Raymond Ben's Inmate Records - Docket Entry No. 35

The records show that Ben engaged in a fight with another inmate, Christopher Beal, on October 1, 2008. (Docket Entry No. 25-2 at 2) Deputy Frazier responded to a call for assistance in handling the disturbance. Id. When Frazier arrived he saw the two inmates striking each other. One inmate, Ben, was on his knees pinning the other down. The other inmate was on his back holding onto Ben's shirt. Both inmates ignored Frazier's orders to stop fighting.

When it became clear that the inmates were not going to respond to his verbal orders Frazier used his open hands to push Ben off of the inmate he was pinning. Id. This stopped the fighting, and Ben stood up. Frazier ordered Ben to back away. When Ben complied, Frazier helped the other inmate up. Both inmates were handcuffed and escorted to a safety vestibule.

Frazier denies deliberately hitting or striking Ben. Id. He states that the only contact made was when he pushed Ben's torso in order to get him off the other inmate and to break up the fight. He further denies punching Ben in the head and states that any contact he made with Ben's head was unintentional. He reiterates that the two inmates were still fighting when he pushed Ben. He also denies kicking Ben or any inmate and states that his sole purpose in making physical contact with Ben was to stop the inmates

-4-

from fighting and possibly hurting each other. (Docket Entry No. 25-2 at 3)

Ben was examined by a nurse after the fight was broken up. (Docket Entry No. 25-1 at 3) The only wound found was a "cut to the left hand, 4th digit," and Ben refused medical treatment. Id. Ben complained of leg pain the next day but refused treatment saying that it was "[a]lready seen and took care of [sic]." Id. Ben complained about his back on October 5, 2008, but he did not exhibit any signs of injury although he was scheduled to see a physician for evaluation.

Ben was seen again on October 10, 2008. Id. It was noted that he had blisters on both feet, which indicated tinea pedis or athlete's foot, for which he was given antifungal cream. There was also a notation that his blood pressure was controlled by medication. Ben also complained about his back and was given a thirty-day prescription for Tylenol #3. Ben was seen and treated for various complaints over the next four weeks although none appeared to be related to the October 1 incident. Id. at 3-5. Pursuant to Ben's request, his Tylenol #3 prescription was renewed on November 7, 2008. Id. at 5.

Ben's records indicate that he was also seen for psychiatric problems. Id. at 4. Ben reported that he would become enraged and destructive over matters that he could not recall. Id. He admitted going for days without sleep and seeing things when he was on drugs. (Docket Entry No. 25-1 at 4) He was diagnosed as having

bipolar disorder and was prescribed Lithium, Cymbalta, and Trazodone. Id. Ben was seen on numerous occasions throughout October, November, and December of 2008 and was treated for various ailments including skin lesions on his buttocks. Id. at 5. He was also treated for his psychiatric disorder although he complained that the Lithium was causing diarrhea. Id.

A nurse saw Ben on January 12, 2009, in response to his back complaints, and referred him to a physician. Id. at 6. On January 15, 2009, a physician examined Ben and gave him a prescription for Ultram 100 mg and Flexeril 10 mg for thirty days. Ben was examined again by a physician on February 2, 2009. Id. The evaluation noted that he had "chronic back pain in setting of herniated disc and sciatica." Id. He was diagnosed as having chronic back pain and was prescribed Motrin 800 mg and Neurontin 300 mg daily for thirty days.

Ben was seen again on March 3, 2009. Id. at 7. He reported that he had been kicked in the back in August of 2008. Id. In spite of Ben's complaints, the examination and x-rays of his spine were negative. Id. There was a report of a pretibial edema affecting the extremities. He was advised to exercise and follow a salt-free diet. Nine days later, on March 12, Ben was treated for a boil. He was also given medication for his back. The record reflects that doctors and nurses saw Ben throughout late 2008 and into 2009. A direct examination of Ben's Harris County Jail records reveals numerous instances in which he was treated for

various ailments. See Docket Entry No. 35-1. There are also reports of Ben engaging in irrational, unruly, and threatening conduct while complaining of his ailments. See, e.g., Docket Entry No. 35-1 at 9-10; Docket Entry No. 35-2 at 7, 9. Contrary to Ben's assertions, there is no record of written requests for medical help that were unanswered or denied. See, e.g., Docket Entry No. 35-2 at 5, 11.

Ben's grievance record reflects that Ben was not clear as to which deputy struck him during his fight with the other inmate. (Docket Entry No. 35-2 at 16) Moreover, Ben's description of Deputy Frazier was not accurate, and Ben admitted doing all of the punching during the fight. Id.

### III. Summary Judgment Standards

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must determine whether the pleadings and records indicate if there is a genuine issue regarding any material fact and whether the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue. <u>Kee v. City of Rowlett, Tex.</u>, 247 F.3d 206, 210 (5th Cir. 2001). To meet this burden, the movant must present evidence showing that the non-movant cannot carry its burden of proof at trial. <u>Smith v. Brenoettsy</u>, 158 F.3d 908, 911 (5th Cir. 1998). The movant may accomplish this by showing that the non-moving party has presented no evidence in support of his claim. <u>Stahl v. Novartis Pharmaceuticals Corp.</u>, 283 F.3d 254, 263 (5th Cir. 2002). Once the movant has met this burden, the burden shifts to the non-movant to present specific facts showing that there is a genuine issue for trial; otherwise, summary judgment will be entered in favor of the movant. <u>Hart v. Hairston</u>, 343 F.3d 762, 764 (5th Cir. 2003). Ben has not filed a response.

## IV. <u>Analysis</u>

Ben's complaint is filed under 42 U.S.C. § 1983. To prevail under section 1983 he must show that the defendants violated his rights secured by the Constitution or laws of the United States and that the violations were committed by a person acting under color of state law. <u>See</u> <u>James v. Texas Collin County</u>, 535 F.3d 365, 373 (5th Cir. 2008). With regard to Frazier's alleged assault, Ben must show that Frazier's use of force against him was a malicious and sadistic act that was not made in a good faith effort to restore order. <u>Valencia v. Wiggins</u>, 981 F.2d 1440, 1446 (5th Cir.

1993). See also Wilkins v. Gaddy, --- S.Ct. ----, 2010 WL 596513 (Feb. 22, 2010). With regard to Harris County's alleged denials of medical attention, Ben must show that the denials were the result of a policy of deliberate indifference to his serious needs for medical care. Gibbs v. Grimmette, 254 F.3d 545, 549 (5th Cir. 2001).

### A. Deputy Frazier's Use of Force

It is undisputed that Ben was fighting with another inmate when Deputy Frazier intervened. Frazier's duties gave him the authority, as well as the duty, to use force in order to restore order to the jail area. Baldwin v. Stalder, 137 F.3d 836, 840 (5th Cir. 1998). If Frazier had failed to take some forceful action, he might have violated the other inmate's right to be protected from Ben's assault. See Farmer v. Brennan, 114 S.Ct. 1970 (1994). Frazier testifies that he used only enough force to push Ben away from his victim. Ben's own report immediately after the fight provides no clear evidence that Frazier actually struck him. See Docket Entry No. 35-2 at 16. Moreover, Frazier was trying to break up a fight, and officers are entitled to some leeway when dealing with a physical confrontation. See Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992) ("not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"), quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). See also Ramirez v. Knoulton, 542

F.3d 124, 130 (5th Cir. 2008) (court should not second guess an officer's assessment of a tense and dangerous situation).

Ben was examined immediately after the fight, and the only wound found was a cut on one of his fingers. Ben admits that he struck the other inmate during the fight, and he makes no claim that Frazier injured his hand. When making an excessive force claim it is not necessary for an inmate to show that he was seriously harmed by the defendant guard's action. Wilkins, 2010 WL 596513 at *1, citing Hudson. However, the absence of a serious injury is a relevant factor in determining whether a guard's use of force violated an inmate's rights. Id. at *3. See also Baldwin v. Stadler, 137 F.3d 836, 839 (5th Cir. 1998) (while absence of serious injury does not preclude relief, it is quite relevant to an excessive use of force claim). There is nothing in the record that supports Ben's claim that Frazier punched him in the left side of the face and kicked him in the back. His unsupported accusation that Frazier hit him after the fight was over, which is undermined by his grievance record containing no such statement (Docket Entry No. 35-2 at 16), does not present a triable issue. See, e.g., Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (explaining that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden" at summary judgment). Because Frazier found Ben striking another inmate who was pinned to the floor, Frazier needed to take quick action to end the fight. See Combs v.

Wilkinson, 315 F.3d 548, 557 (6th Cir. 2002) (guards are entitled to wide deference regarding what is necessary to maintain order), citing Hudson, 112 S.Ct. at 995. Given the totality of the circumstances, including no apparent injury resulting from Frazier's intervention, this court finds that Frazier's actions were reasonable, and Ben's excessive force claim should be dismissed as having no factual basis.

**B.   Medical Care**

Ben alleges that he was denied medication after the fight. As a pretrial detainee, Ben is entitled to basic medical care, and the officials at Harris County Jail were obligated to attend to any serious conditions of which they were aware. Thompson v. Upshur County, Tex., 245 F.3d 447 (5th Cir. 2001). See also Cupit v. Jones, 835 F.2d 82, 85 (5th Cir. 1987) (inmates are entitled to "reasonable medical care unless failure to supply that care is reasonably related to a legitimate governmental objective"). However, a jail official cannot be held liable if he was not aware of a serious need or he was merely negligent. Daniels v. Williams, 106 S.Ct. 662, 663 (1986). See also Hare v. City of Corinth, Miss., 74 F.3d 633, 645 (5th Cir. 1996) (even gross negligence does not establish section 1983 liability).

Ben has named Harris County as the defendant regarding denial of medical services. Harris County may not be held liable under section 1983 unless Ben can show that he was injured pursuant to a

jail policy or custom. <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 113 S.Ct. 1160, 1162 (1993); <u>Lawson v. Dallas County</u>, 286 F.3d 257, 263 (5th Cir. 2002). Ben cannot rely solely on isolated instances of deprivations to establish Harris County's liability. <u>City of Oklahoma City v. Tuttle</u>, 105 S.Ct. 2427, 2436 (1985). He must present evidence of an official policy or a long-standing pattern of constitutional violations. <u>Richardson v. Oldham</u>, 12 F.3d 1373, 1378 (5th Cir. 1994).

Harris County has presented records showing that Ben was seen immediately after the fight and treated on a regular basis from that date forward. This evidence refutes Ben's claims of deliberate indifference. <u>Banuelos v. McFarland</u>, 41 F.3d 232, 235 (5th Cir. 1995); <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 193-95 (5th Cir. 1993). Any dispute that Ben may have had with the doctors' diagnosis or method of treatment would not be grounds for a constitutional violation. <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997). Ben's claim is further undermined by the absence of any evidence that he suffered any injury as a result of being denied medical attention. <u>Mendoza</u>, 989 F.2d at 195. Given the absence of any showing of deliberate indifference or injury, Harris County cannot be held liable under 42 U.S.C. § 1983.

Therefore, the Defendants' Motions for Summary Judgment (Docket Entry Nos. 25 and 34) will be granted, and this action will be dismissed under FED. R. CIV. P. 56.

## V. Conclusion

The court **ORDERS** the following:

1. Deputy Barnard Frazier's Motion for Final Summary Judgment (Docket Entry No. 25) and Defendant Harris County's Motion for Summary Judgment (Docket Entry No. 34) are **GRANTED**.

2. The Complaint Under 42 U.S.C. § 1983, Civil Rights Act filed by TDCJ-CID prisoner Earl Ramond Ben (Docket Entry No. 1) is **DISMISSED with prejudice**. FED. R. CIV. P. 56(c).

**SIGNED** at Houston, Texas, on this 11th day of March, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE